UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Edwin Dissosway, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. _____ |
| vs. | § | |
| | § | |
| David Mulheren; XFG 259, LLC, | § | |
| XFG, LLC,  XFG Properities LLC, | § | |
| X-Factor Group, XFG JJ LLC, Angela | § | |
| Mulheren, and David "Dee" Mulheren. | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

COMES NOW Edwin Dissosway, and file this, his Complaint, stating as follows:

### Parties

1.      Edwin Dissosway is an individual and a citizen of Oregon.  He resides at 331 SE 62nd Ave., Portland, OR 97215 with his wife Nancy.  He is a member of Stick and Nancy LLC, Stickwin Estates LLC, and Stickwin Properties LLC and is the assignee of the claims of his wife and of their entities against the Defendants.

2.      David Mulheren is an individual and a citizen of Texas.  He may be served at his business address 1701 E. Lamar Blvd, Suite 268, Arlington TX 76006

3.      X-Factor Group, Inc., is a Texas Corporation. It may be served by serving its registered agent for service of process, Registered Agents, Inc., 5900 Balcones Drive Suite 100, Austin Texas 78731.  On information and belief, this entity is under the control of David Mulheren and has received or benefitted financially from Mr. Dissosway's  loans to David Mulheren.

4.      XFG 259 LLC is a Texas Limited Liability Company.  It may be served by serving its registered agent for service of process, X-Factor Group, Inc., at 1701 E. Lamar Blvd., Suite 268 Arlington Texas 76006. On information and belief, this entity is under the control of David Mulheren and has received or benefitted financially from Mr. Dissosway's  loans to David Mulheren.

5.      XFG JJ LLC is a Texas Limited Liability Company.  It may be served by serving its registered agent for service of process, X-Factor Group, Inc., at 1701 E. Lamar Blvd., Suite 268 Arlington Texas 76006. On information and belief, this entity is under the control of David Mulheren and has received or benefitted financially from Mr. Dissosway's  loans to David Mulheren.

6.      XFG, LLC, is a Texas Limited Liability Company.  It may be served by serving its registered agent for service of process, X-Factor Group, Inc., at 5900 Balcones Drive Suite 100, Austin Texas 78731. On information and belief, this entity is under the control of David Mulheren and has received or benefitted financially from Mr. Dissosway's  loans to David Mulheren.

7.      XFG Properities LLC is a Texas Limited Liability Company.  It may be served by serving its registered agent for service of process,  X-Factor Group, Inc., at 1701 E. Lamar Blvd., Suite 268 Arlington Texas On information and belief, this entity is under the control of David Mulheren and has received or benefitted financially from Mr. Dissosway's loans to David Mulheren. The name of this entity is *NOT* XFG *Properties* LLC but XFG *Properities* LLC.  There is no Texas entity named  XFG *Properties* LLC.  The spell-check function of many programs often changes the name of the entity so that references to XFG *Properties* LLC in public records are actually references to XFG *Properities* LLC.

8.      Angela Mulheren is the wife of David Mulheren. She may be served at her residence,1704 Babbling Brook Drive, Grand Prairie, Texas. On information and belief she has

received or benefitted financially from Mr. Dissosway's loans to David Mulheren.

9.      David "Dee" Mulheren is the father of David Mulheren.  He may be served at his residence.  2008 Onetta Drive, Irving Texas 75061.  On information and belief, he has received or benefitted financially from Mr. Dissosway's loans to David Mulheren.

### Jurisdiction and Venue

10.      This court has jurisdiction over this under 28 USCA § 1332, diversity of citizenship.  Plaintiff is a citizen of Oregon; his home address is 331 SE 62nd Ave., Portland, OR 97215.  Defendants David Mulheren and Angela Mulheren are citizens of Texas.  The entity Defendants are all Texas entities.  On information and belief, David Mulheren is a member of all the Limited Liability Companies, and all Texas entities are under the control of David Mulheren.  The amount in controversy is in excess of $75,000.  David Mulheren and his wife live in Tarrant County.  Venue is therefore proper in the Fort Worth Division of the Northern District of Texas.

### The Facts

11.      In the past two years Plaintiff Edwin Dissosway has made loans to David Mulheren in the amount of $830,797.78, plus interest.  On information and belief, some or all of the loaned funds were transferred to Angela Mulheren, the wife of David Mulheren, and to Dee Mulheren, the father of David Mulheren. The loans are:

a.      $317,000.  Loans for 138 Page Street, made from February 2024 though June 2024.  Mr. Dissosway hired Mr. Mulheren to build a house at 138 Page Street, Keller Texas, and loaned him $330,000 to do the job.  The job was cancelled after Mr. Mulheren did $13,000 work of work on the project.  Mr. Mulheren did not repay the loan.

b.      $324,060.  Funds loaned to Mr. Mulheren in the period from July 2024 to

November 2024. Mr. Dissosway transferred seven houses to Mr. Mulheren to sell. At the time, Mr. Mulheren falsely claimed to be better positioned to sell the houses than was Mr. Dissosway. He falsely claimed that he had the funds to rehab the properties and falsely claimed he had the ability to rehab them. Mr. Dissosway loaned funds to Mr. Mulheren to cover expenses in the sales. The following amounts were loaned on the following dates:

| | |
|---|---|
| 10/17/24 | $30,000 |
| 10/18/24 | $60,000 |
| 10/29/24 | $89,000 |
| 11/13/24 | $105,000 |
| 11/13/24 | $60 |
| 11/3/24 | $12,000 |
| 11/3/24 | $28,000 |

Mr. Mulheren agreed that he would pay his debt to Mr. Dissosway out of the proceeds from the sales. Mr. Mulheren sold the houses, but he did not pay his debts to Mr. Dissosway out of the proceeds of the sales.

c.      $155,365 Rehab and Operating Expenses. June 27, 2025 to September 2025. Mr. Mulheren did not have funds to do rehabs he was working on. Mr. Dissosway agreed to finance the rehabs, and Mr. Mulheren agreed to to repay when the properties sold. Most of the rehab funds were sent by Zelle to Defendant Dee Mulheren who is Mr. Mulheren's father and also his site manager. The properties sold, but Mr. Mulheren never repaid the funds provided by Mr. Dissosway.

d.      Credits to Mr. Mulheren. $121,064.72. Mr. Mulheren received rent and deposit credits for tenant payments. Mr. Mulheren repaid a credit card loan. Mr. Mulheren repaid Mr. Dissosway $57,074.72 that was owed from the sale of 2022 Alder Trail, Grand Prairie TX.

e.      $45,035. Two personal loans made to Mr. Mulheren with signed loan document remain unpaid. The amounts of the loans are $35,035 and $10,000. Both loans were

made 2024 and charged 6% in interest.

f.    $110,402.50.  In 2025, Mr. Dissosway made a loan to Mr. Mulheren in the amount of  $110,402.50  in order to save Mr, Mulheren's house, car, and business from foreclosure. Repayment to be from the sales of houses Mr. Mulheren owns or controls.  There have been no payments on this loan.

g.    Interest.  Some of the loans bear interest.  The monthly interest on those loans is $1,006.32 a month.

TOTAL CLAIM: $830,797.78, plus interest

12.    Mr. Mulheren must pay Mr. Dissosway the money he borrowed from him.

13.    On information and belief, some or all of all Mr. Mulheren's promises to repay were false promises, promises made by Mr. Mulheren at a time when he never intended to keep those promises. Mr. Mulheren is thus liable to Mr. Dissosway for actual and exemplary damages.

14.    There are three houses in Dallas County which are owned by the Defendants:

(a)    2506 Timberlake Drive, Irving TX 75062, is owned by Defendant XFG Properties LLC;

-    (b)    5403 Mona Lane, Dallas TX 75236, is owned by  Defendant XFG Properties LLC; and

(e)    2008 Onetta Drive Irving TX 75061, is owned by Defendant XFG Properties LLC.

**First Cause of Action**
**Breach of Contract**

15.    Mr. Mulheren has breached his promises to repay Mr. Dissosway the money loaned

him, plus such interest as is provided in Mr. Dissosway's loan documents, plus prejudgment interest and Mr. Dissosway's reasonable and necessary attorney's fees and for such other damages as shall be established by evidence presented by Mr. Dissosway.

**Second Cause of Action**
**Fraud by False Promise**

16.     Mr. Dissosway and Mr. Mulheren were involved in many transactions involving real estate.  Fraud in such transactions occurs when there is a false promise to do an act, when the false promise is (a) material; (b) made with the intention of not fulfilling it; (c) made to a person for the purpose of inducing that person to enter into a contract; and (d) relied on by that person in entering into that contract.  On information and belief, Mr. Mulheren made such false promises to Mr. Dissosway and Mr. Dissosway relied upon those promises in entering into transactions involving real estate with Mr. Mulheren.  Mr. Mulheren is therefore liable to Mr. Dissosway for his actual damages. On information and belief, Mr. Mulheren acted with actual awareness the falsity of his promises and is thereby liable to Mr. Dissosway for exemplary damages.

17.     Exemplary damages will not be limited by the provisions of Tex. Civ. Prac & Rem Code §41.008 since that statutory provision

> does not apply to a cause of action against a defendant from whom a plaintiff seeks recovery of exemplary damages based on conduct described as a felony in
> \* \* \* \* \*
> (13) Chapter 31 (theft) the punishment for which is a felony of the third degree or higher

Theft is defined as follows in Texas Penal Code; Theft  §31.03:

> (a)     A person commits an offense if he unlawfully appropriates property with intent to derive the owner of property
> (b)     Appropriation of property is unlawful if:
>         (1)     It is without the owner's effective consent.

Effective consent is defined in Texas Penal Code:

Theft §31.01 Definitions:

In this chapter:

(1) Deception means:

(A) creating or confirming by words or conduct a false impression of law or fact that is likely to affect the judgment of another in the transaction, and that actor does not believe to be true

(3) "Effective Consent" . . . Consent is not effective if:
(A) induced by deception

Therefore obtaining funds by deception as the Defendants did is theft and will bar the limitation of exemplary damages if the action phrased as a theft felony would be sufficiently large to be a third-degree felony of Theft.  Theft becomes a third degree felony if the property stolen is over $30,000. Texas Penal Code 31.03(e)(5).  The property stolen in this case is many times over $30,000. Thus the limitations in Tex. Civ. Prac & Rem Code §41.008 do not apply.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that after a trial on the merits that the court award to them such damages as shall be found by the trier of fact, including but not limited to prejudgment interest, attorneys fees and exemplary damages, and grant such other and further relief as may be just and proper.

Respectfully submitted

<u>    /s/ Eugene Zemp DuBose    </u>
Eugene Zemp DuBose
State Bar No. 06151975
DuBose Litigation, P.C.,
3816 Acapulco Court
Irving Texas 75062
*Mail:* Post Office Box 141476
Irving Texas 75014-1476
(214) 675-9022
email: gene@DuBoseLitigation.com

ATTORNEY FOR PLAINTIFF