UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

EDWIN DISSOSWAY,

    Plaintiff,

v.                                                  No. 4:26-cv-00098-P

DAVID MULHEREN, ET AL.,

    Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are two motions: Plaintiff's Motion for Writ of Original Attachment and Plaintiff's Motion to Void Fraudulent Transfer. ECF No. 18; ECF No. 24. Having reviewed both Motions, associated briefings, and applicable law, the Court will **DENY** both Motions.

## BACKGROUND

Plaintiff, Edwin Dissosway, filed his complaint against Defendants on January 29, 2026, claiming breach of contract and fraud by false promise. ECF No. 1 at 5–6. In the complaint, Dissosway seeks damages for loans made to Defendant, David Mulheren, over the two previous years. ECF No. 1. Additionally, Dissosway alleges Mulheren controlled the entities listed as the additional Defendants, including XFG Properties LLC ("XFG"). ECF No. 1 at 1–2. But Defendant XFG denies benefitting financially from any loans Dissosway made to Mulheren. ECF No. 21 at 3.

Plaintiff now brings a Motion for Writ of Original Attachment against the property at 2008 Onetta Drive, Irving, Texas 75061 ("2008 Onetta Drive"), pursuant to Chapter 61 of the Texas Civil Practice and Remedies Code and Federal Rule of Civil Procedure 64. ECF No. 18. The property is owned by XFG. ECF No. 18 at 3. The Motion seeks the seizure of 2008 Onetta Drive to secure satisfaction of a potential

judgment in this case. ECF No. 18 at 1. Plaintiff filed this Motion alleging his belief that without the requested lien, he may never be able to recover Defendants' debts to him. ECF No. 18-1 at 2.

Plaintiff also filed a Motion to Void Fraudulent Transfer regarding Defendant XFG's transfer of 5403 Mona Lane, Dallas, Texas ("5403 Mona Lane"), to HEB Homes, LLC ("HEB"). ECF No. 24. The Motion seeks to void the transfer of 5403 Mona Lane and return it to the ownership of Defendant XFG. *Id.* Plaintiff alleges the transfer was fraudulent because Defendant was presumed to be insolvent under Section 24.003(b) of the Texas Uniform Fraudulent Transfer Act ("TUFTA") codified in Chapter 24 of the Texas Business and Commerce Code, thus unable to legally transfer property. ECF No. 24 at 1. Plaintiff further states that, under TUFTA, a transfer is fraudulent if the property's title holder is insolvent, which Plaintiff claims Defendant XFG was because XFG was not paying any of their debts. *Id.* In response, the Defendant alleges there was no fraudulent transfer because 5403 Mona Lane was bought by Capital Fund REIT, LLC ("Capital Fund REIT"), during a foreclosure sale on January 6, 2026. ECF. No. 34 at 2. Defendant argues there was no transfer from XFG to HEB, due to Capital Fund REIT buying the property during a foreclosure sale and subsequently transferring it to CF REO LLC ("CF REO"), which then conveyed the property to HEB. ECF No. 34 at 2.

Importantly, Dissosway's Motions regarding XFG's 2008 Onetta Drive property, and 5403 Mona Lane sale are grounded in Mulheren's role as managing member of XFG. ECF No. 18 at 3; Appl. Writ Attach. Ex. 1 (Dissosway Aff. ¶ 2.).  Plaintiff filed both Motions alleging XFG is indebted to him through Mulheren's role as managing member. ECF No. 18; ECF No. 24. Both Motions are now ripe for review and discussed below.

## LEGAL STANDARD

### A. Writ of Attachment

The federal rules allow for the attachment of property "to secure satisfaction of the potential judgment in an action." Fed. R. Civ. P. 64(a).

The law of the state in which the federal court sits determines what remedies are available when no federal statute applies. *Id.* Under Texas law, writs of attachment are available prior to judgment. *See* Tex. Civ. Prac. & Rem. Code §§ 61.003, 63.001; *E.E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F. Supp. 749, 752–53 (N.D. Tex. 1986). Nevertheless, pre-judgment attachment is considered a harsh remedy. *See, e.g., In re Argyll Equities, LLC*, 227 S.W.3d 268, 271 (Tex. App.—San Antonio 2007, no pet.) ("Pre-judgment attachment is a particularly harsh, oppressive remedy."). Accordingly, the statutes and rules governing this remedy must be "strictly followed." *Royalty Clearinghouse, Ltd. v. CTS Properties, Ltd.*, No. 1:16-CV-1342-LY, 2018 U.S. Dist. LEXIS 207932, 2018 WL 5733175, at *3 (W.D. Tex. July 31, 2018), *report and recommendation adopted*, No. 1:16-CV-1342-LY, 2018 U.S. Dist. LEXIS 207931, 2018 WL 5733136 (W.D. Tex. Sept. 5, 2018).

An application for a writ of attachment must be supported by the affidavit of a person with knowledge of relevant facts. Tex. R. Civ. P. 592. The validity of the writ "does not depend on the truthfulness of the allegations of the affidavit or petition but on compliance with the statute in making the affidavit." *E.E. Maxwell Co.*, 638 F. Supp. at 752 (citing *21 Turtle Creek Square Ltd. v. New York State Teachers' Ret. Sys.*, 425 F.2d 1366, 1369 (5th Cir. 1970)).

The Texas Civil Practice and Remedies Code provides that a writ of attachment is available to a plaintiff if: "(1) the defendant is justly indebted to the plaintiff; (2) the attachment is not sought for purpose of injuring or harassing the defendant; (3) the plaintiff will probably lose his debt unless the writ of attachment is issued; and (4) specific grounds for the writ exist under Section 61.002." Tex. Civ. Prac. & Rem. Code § 61.001. "In this context, debt means an 'obligation to pay a liquidated sum on an express or implied contract.'" *Royalty Clearinghouse, Ltd.*, 2018 U.S. Dist. LEXIS 207932, 2018 WL 5733175, at *3. "When the damages are unliquidated, however, and the cause of action is such that there is no definite means of their ascertainment, the general rule is that an attachment may not lawfully issue." *E.E. Maxwell Co.*, 638 F. Supp. at 753 (citing *Hochstadder v. Sam*, 73 Tex. 315, 11 S.W. 408 (1889)). "Thus, the Fifth Circuit has recognized that the longstanding

3

rule in Texas is that a writ of attachment will not issue in a suit for unliquidated damages." *Id.* (citation omitted).

As to the fourth prong for establishing the availability of a writ, section 61.002 lists nine specific grounds for a writ of attachment. A plaintiff need only satisfy one. *See* Tex. Civ. Prac. & Rem. Code § 61.002. The nine specific grounds are:

> (1) the defendant is not a resident of this state or is a foreign corporation or is acting as such;
> (2) the defendant is about to move from this state permanently and has refused to pay or secure the debt due the plaintiff;
> (3) the defendant is in hiding so that ordinary process of law cannot be served on him;
> (4) the defendant has hidden or is about to hide his property for the purpose of defrauding his creditors;
> (5) the defendant is about to remove his property from this state without leaving an amount sufficient to pay his debts;
> (6) the defendant is about to remove all or part of his property from the county in which the suit is brought with the intent to defraud his creditors;
> (7) the defendant has disposed of or is about to dispose of all or part of his property with the intent to defraud his creditors;
> (8) the defendant is about to convert all or part of his property into money for the purpose of placing it beyond the reach of his creditors; or
> (9) the defendant owes the plaintiff for property obtained by the defendant under false pretenses.

*Id.* "[I]f the proper allegations are made, the writ shall issue." *E.E. Maxwell Co.*, 638 F. Supp. at 752.

## B. Voiding a Fraudulent Transfer

The Texas Uniform Fraudulent Transfer Act ("TUFTA") governs fraudulent transfer claims. Tex. Bus. & Com. Code § 24.005. The elements of an actual fraudulent transfer under TUFTA are: (1) a creditor; (2) a debtor; (3) the debtor transferred assets shortly before or after the creditor's claim arose; (4) with actual intent to hinder, delay,

or defraud any of the debtor's creditors. *Orange Coast Title Co. of N. Cal. v. Greater Cmty. Missionary Baptist Church*, 815 F. Supp. 3d 489, 498 (N.D. Tex. 2025). (citation omitted).

## ANALYSIS

Before the Court are two motions. The first is Plaintiff's Motion for Writ of Original Attachment and the second is Plaintiff's Motion to Void Fraudulent Transfer. ECF No. 18; ECF No. 24. We address the Motions in turn and resolve both motions on similar terms.

### A.  Both of Plaintiff's Motions fail because Defendant, XFG, is not justly indebted to Plaintiff.

1. Plaintiff's Motion for Writ of Original Attachment fails because Plaintiff cannot satisfy the first element that Defendant is "justly indebted."

The first element required for relief under Texas Civil Practice and Remedies Code § 61.001 is that the defendant is "justly indebted" to the plaintiff. Tex. Civ. Prac. & Rem. Code § 61.001. Unsubstantiated conclusory allegations are not evidence for the "justly indebted" element. *S.R.S. World Wheels v. Enlow*, 946 S.W.2d 574, 575 (Tex. App.—Fort Worth 1997). Attachment is a harsh, oppressive remedy; therefore, attachment is not available unless statutory safeguards are strictly observed. *Id.* (citation omitted).

Plaintiff, Dissosway, applies for a Writ of Original Attachment against 2008 Onetta Drive, a property owned by Defendant XFG. ECF No. 18. The Motion would put a lien on the property and Plaintiff claims that without this lien, he may never be able to recover Defendants' debts to him. ECF No. 18-1 at 2. Plaintiff argues he has satisfied the four general prongs for this relief established by Texas Civil Practice and Remedies Code § 61.001, including three of the specific grounds listed under § 61.002 to satisfy the fourth prong. *Id.* Dissosway also claims that he made loans to Defendant Mulheren and his entities and that Mulheren agreed to repay all the loans. *See* Dissosway Aff. ¶ 2. Moreover, Dissosway asserts the property is owned by Defendant XFG with Defendant Mulheren as a managing member. *Id.*

In response, Defendants argue that Plaintiff's complaint does not establish that XFG is "justly indebted" to Plaintiff within the meaning of Texas Civil Practice and Remedies Code § 61.001 because the complaint only lists David Mulheren as the debtor, not XFG, which owns the property. ECF No. 25 at 5. Indeed, Plaintiff's complaint does not allege that XFG borrowed any money from Plaintiff, entered any contract with Plaintiff, or made any misrepresentations to Plaintiff. *Id.* at 2–3. Texas law strongly presumes corporate separateness and because Plaintiff has pleaded no veil-piercing theory, no alter-ego theory, and no single-business enterprise theory against XFG, Defendant XFG is not liable for Defendant Mulheren's alleged debts to Plaintiff. Because there is no cognizable theory of liability against XFG itself as a debtor, the attachment of its real property to satisfy an alleged debt of David Mulheren is improper as a matter of law. The Court holds that XFG is not "justly indebted" to Plaintiff because Plaintiff did not provide any evidence indicating that XFG loaned him any money or that XFG benefitted financially from loans Plaintiff made to Defendant Mulheren. Accordingly, Plaintiff has not pleaded evidence supporting the basis for attaching XFG's property.

As a result, the Court need not consider the remaining requirements of § 61.001 because the Court finds Dissosway failed to satisfy the "justly indebted" element. Examining Dissosway's pleadings and affidavit, the loans to Defendant Mulheren provide no basis for attaching XFG's property because 2008 Onetta Drive is property that is not owned by the alleged debtor. Because the first element required for relief requires the defendant to be "justly indebted" to the plaintiff, this element is not met here because Defendant XFG is not the alleged debtor in Plaintiff's complaint, Mulheren is. Therefore, Defendant XFG's property cannot be attached under Plaintiff's Motion for Writ of Attachment.

Accordingly, Dissosway is unable to satisfy the first requirement of Texas Civil Practice and Remedies Code § 61.001.

2. <u>Plaintiff's Motion to Void Fraudulent Transfer fails because the property transfer was not made by a debtor, failing the second element of TUFTA.</u>

6

The second element required for relief under TUFTA is that the transfer was made by a debtor. Tex. Bus. & Com. Code § 24.005(a). A debtor who is generally not paying the debtor's debts as they become due is presumed to be insolvent. § 24.003(b). Insolvency may be considered in determining a debtor's actual intent. § 24.005(b).

For the same reason explained above, XFG is not a proper debtor in this case because Dissosway's complaint only lists David Mulheren, not XFG, as the debtor. ECF No. 25 at 5. Although Plaintiff alleges Defendant XFG's transfer was fraudulent because the entity was not paying its debts (ECF No. 24 at 1), there is no evidence to establish that XFG was indebted to Plaintiff. But even if there was evidence that XFG was indebted to Plaintiff, the 5403 Mona Lane property was foreclosed, not transferred by XFG, and XFG did not transfer the property to HEB. Instead, because of the foreclosure sale, Capital Fund REIT purchased 5403 Mona Lane and then conveyed it to CF REO, which subsequently conveyed it to HEB. Even though XFG owned the property and it ended up transferring to HEB through various conveyances, Defendant XFG was not indebted to Plaintiff. Therefore, Plaintiff is not entitled to relief under TUFTA because the 5403 Mona Lane property transfer was not made by a debtor who the Plaintiff could recover from as a creditor.

Accordingly, Dissosway cannot prove a fraudulent transfer of 5403 Mona Lane occurred because he is unable to satisfy the second requirement of Texas Business and Commercial Code § 24.005.

## CONCLUSION

For the reasons set out above, the Court **DENIES** Plaintiff's Motion for Writ of Original Attachment and Plaintiff's Motion to Void Fraudulent Transfer. ECF No. 18; ECF No. 24.

**SO ORDERED** on this **27th day of May 2026.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

7