ORIGINAL

OCT 13 2026 PM3:55
FILED-USDC-NDTX-FW

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| EDWIN DISSOSWAY,<br>Plaintiff,<br><br>v.<br><br>DAVID MULHEREN, ET AL.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:26-cv-00098-P |

CTJ-P
w/order

**INDIVIDUAL DEFENDANTS' MOTION TO EXTEND THE MEDIATION DEADLINE AND RESET MEDIATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants David Mulheren, David "Dee" Mulheren, and Angela Mulheren (the "Individual Defendants"), each appearing pro se, ask the Court to extend the mediation deadline by one month, to November 13, 2026. Defendant David Mulheren is hospitalized and is having non-elective surgery on October 13, the day before the scheduled mediation. The extension would not affect any other deadline or the trial setting. The Individual Defendants are not seeking delay, and if the Court does not grant this motion, they will attend on October 14.

## I. BACKGROUND

1. The Scheduling Order requires the parties to mediate in person with Jason Nash on or before October 14, 2026. (ECF No. 40 ¶ 5.) Counsel for the parties set the mediation for that date, the last day permitted, before Defendants' counsel withdrew on or about October 6, 2026. (ECF No. 54.) The Individual Defendants did not request that date, but after the withdrawal they chose to keep it rather than seek a postponement. They do not take counsel's withdrawal lightly and are actively seeking new counsel, particularly for the entity defendants.

2. Late on October 7, 2026, Mr. Mulheren fell and ruptured his Achilles tendon. He was admitted to the hospital because his blood pressure was dangerously high and because of his history of serious cardiovascular events. Surgery was set for October 9 but was postponed when he developed further symptoms and his doctors required additional testing. He was cleared on October 10 and kept in the hospital so he would remain stable. His medical team set the surgery for

October 13 and advised that it should not be delayed further. He was told of that date on October 11. (Ex. A ¶¶ 2–6.) The injury was an accident, and its timing, one day after counsel's withdrawal, is a coincidence. (Id. ¶ 3.)

3. On October 14, Mr. Mulheren will be one day out of surgery, still hospitalized, and taking prescribed pain medication. He is the managing member of X-Factor Group, Inc., and the related XFG entities and is responsible for approving any settlement on their behalf. (Id. ¶¶ 7–9.) The hospital will not release details in writing without a court order; if the Court requires more, he will request his records and authorize their release for in camera review. (Id. ¶ 10.)

## II. GROUNDS FOR THE MOTION

4. Good cause exists. The Individual Defendants have acted diligently. Mr. Mulheren learned the surgery date on Sunday, October 11, and conferred with Plaintiff's counsel that same day. The clerk's office was then closed through the October 12 holiday, and as pro se parties they must file on paper. This motion is filed at the first opportunity.

5. A mediation the day after surgery is unlikely to be productive. The principal decision-maker for most of the defendants would be recovering and on pain medication, and any agreement reached that day would be less reliable for everyone. A short reset to November 13, which matches the existing discovery deadline, gives the parties a genuine chance to resolve the case without changing the December 14 dispositive-motion deadline or the April 12, 2027, trial setting.

6. Plaintiff opposes, arguing that the surgery "can be put off until the afternoon of October 14, 2026, or the morning of the 15th, after the conclusion of the mediation." But the surgery date was set by Mr. Mulheren's medical team, which advised against further delay. Postponing it would not help: he would attend the mediation with the tendon still torn and on the same pain medication. And hospitals do not keep a patient for nearly a week without medical reason.

7. If the Court does not grant this motion before October 14, the Individual Defendants will attend, and Mr. Mulheren will participate to the extent his doctors permit. If he has not been discharged, he asks to participate by video or telephone.

## III. RELIEF REQUESTED

The Individual Defendants respectfully ask the Court to (1) extend the deadline to complete mediation under paragraph 5 of the Scheduling Order (ECF No. 40) to November 13, 2026, or to another date the Court finds appropriate, and allow the parties and the mediator to reset the October 14, 2026, mediation to a date on or before the new deadline; (2) in the alternative, permit David Mulheren to participate in the October 14, 2026, mediation by video or telephone if he has not been discharged from the hospital; and (3) grant any other relief to which the Individual Defendants may be entitled.

Respectfully submitted,

David Mulheren, Pro Se
1704 Babbling Brook Dr.
Grand Prairie, TX 75050
Tel: 469-323-3456
Fax: None
Email: david@xfginc.com

David "Dee" Mulheren, Pro Se
2008 Onetta Dr.
Irving, TX 75061
Tel: 214-240-5899
Fax: None
Email: popsmulheren@gmail.com

Angela Mulheren, Pro Se
1704 Babbling Brook Dr.
Grand Prairie, TX 75050
Tel: 469-323-3456
Fax: None
Email: angiemulheren@gmail.com

## CERTIFICATE OF CONFERENCE

On October 11, 2026, I conferred by email with Gene DuBose, counsel for Plaintiff, about the relief requested in this motion. Later that day, Mr. DuBose stated that Plaintiff opposes this motion unless Plaintiff's counsel receives a physician's letter explaining why the hospital admission and surgery had to occur before October 14, 2026. On October 12, 2026, Mr. DuBose served a written response opposing the motion. Agreement could not be reached because the hospital will not release patient details in writing without a court order. On the evening of October 12, 2026, I also asked Mr. DuBose whether Plaintiff opposes the alternative request for remote participation and requested a response by 7:00 a.m. on October 13. I had not received a response when this motion was signed. The motion is therefore opposed.

David Mulheren

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, a true copy of this motion, including Exhibit A, and the proposed order was served on Gene DuBose, counsel for Plaintiff, by email at gene@duboselegalgroup.com and by first-class U.S. mail to DuBose Litigation, P.C., P.O. Box 141476, Irving, Texas 75014-1476.

David Mulheren

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| EDWIN DISSOSWAY,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | Civil Action No. 4:26-cv-00098-P |
| DAVID MULHEREN, ET AL.,<br>Defendants. | §<br>§<br>§ | |

**DECLARATION OF DAVID MULHEREN**

I, David Mulheren, declare as follows:

1. I am a Defendant in this case, and I am representing myself. I am over 18 years of age and competent to make this declaration. The facts stated below are based on my personal knowledge.

2. Late on October 7, 2026, I fell and ruptured my Achilles tendon. When I arrived at the hospital, my blood pressure was at a dangerous level. The hospital is already familiar with my medical history, and because of that history and my blood pressure, my doctors admitted me that night. They needed to rule out other serious conditions, including blood clots and fractures, and to bring my blood pressure under control, which took several days. My blood pressure may have contributed to the fall, although that has not been confirmed.

3. The fall was an accident. It occurred the day after my former counsel was permitted to withdraw from this case. The timing is a coincidence, and the injury is unrelated to the withdrawal.

4. My doctors determined that I need surgery to repair the tendon, and the surgery is not elective. It was originally scheduled for October 9, 2026. Before it could take place, I developed further symptoms related to my blood pressure. Given my history of serious cardiovascular events, my doctors postponed the surgery and required additional testing before clearing me.

5. I was medically cleared on October 10, 2026. Achilles tendon repair is often performed on an outpatient basis. Because of my condition, however, my doctors kept me in the hospital after I was cleared so that I would remain stable until surgery. My medical team then scheduled the surgery for October 13, 2026. They advised me that the surgery is time-sensitive for my recovery and should not be delayed further. I did not select the surgery date.

6. I was not informed of the new surgery date until Sunday, October 11, 2026, and I contacted Plaintiff's counsel by email about this motion that same day. The clerk's office was closed that weekend and on Monday, October 12, for the federal holiday. Because I am representing myself and am not yet registered for electronic filing, I am required to file this motion on paper with the clerk. October 13 was the first day I was able to do so.

7. On October 14, I will be one day out of surgery and will remain in the hospital until my doctors clear me for discharge. I am currently taking prescribed pain medication and expect to continue taking it after surgery. If I were to postpone the surgery until after the mediation, as Plaintiff's counsel has suggested, I would be discharged with the tendon still torn and would attend the mediation on the same pain medication I will be taking after surgery.

8. I am the managing member of X-Factor Group, Inc., and the related XFG entities, and I am responsible for negotiating and approving any settlement on their behalf. I also dealt directly with Plaintiff on the transactions at issue in this case.

9. Participating in a full-day, in-person mediation the day after surgery would be a serious hardship and could set back my recovery. I also do not believe I could properly evaluate settlement terms that day while recovering and taking pain medication.

10. The hospital will confirm in writing that I am a patient, but it will not release further details in writing without a court order. If the Court requires additional documentation, I will promptly request my records from the hospital and sign any authorization needed to release them to the Court.

11. I am not seeking to delay this case. I want to mediate. I did not choose to schedule the mediation on the last day permitted by the Scheduling Order. The October 14 date was selected by counsel for both sides, and I was notified of it after it had been set. After my former counsel withdrew, I chose to keep that date rather than ask to move it. If the Court does not grant this motion, I will attend to the extent my doctors permit. If I am still hospitalized, I ask to participate by video or telephone.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2026, in Fort Worth, Texas.

David Mulheren